# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DETROIT DIESEL CORPORATION, a Delaware corporation,

        Plaintiff,

vs.

MARTINREA HONSEL MEXICO SA de CV, a foreign corporation,

        Defendant.

Case No.: 24-cv-11557-JJCG-KGA
Hon. Jonathan J.C. Grey
Magistrate Judge: Hon. Kimberly G. Altman

## PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR EXPEDITED DISCOVERY [ECF No. 18]

**TABLE OF CONTENTS**

ISSUE PRESENTED ............................................................................................... ii

CONTROLLING AUTHORITY ............................................................................ iii

INDEX OF AUTHORITIES ................................................................................... iv

I. INTRODUCTION ........................................................................................ 1

II. ARGUMENT ................................................................................................ 2

    A. Applicable Legal Standard ................................................................. 2

    B. The Court Should Deny Martinrea's Request for Expedited Discovery Because the Requested Document Has No Relevance to the Issues Presently Before the Court and Martinrea Therefore Cannot Establish Good Cause to Support its Request ....... 2

        1. *The Requested Document Is Not Relevant to DDC's Likelihood of Success on the Merits* ............................................... 2

        2. *The Requested Document Is Not Relevant to DDC's Assertion of Irreparable Harm* ........................................................ 6

III. CONCLUSION ............................................................................................. 7

i

## ISSUE PRESENTED

I.    Whether this Court should deny Defendant Martinrea Honsel Mexico SA de CV's ("Martinrea") Emergency Motion for Expedited Discovery of an unrelated contract between a non-party to this action and Plaintiff Detroit Diesel Corporation ("DDC"), where such contract is not relevant to any issue presently before the Court and Martinrea therefore has not established good cause for its request?

Plaintiff DDC Answers:        Yes

Defendant Martinrea Answers:        No

This Court Should Answer:        Yes

# CONTROLLING AUTHORITY

**Cases:**

*Castelvetere v. Messer*, 611 Fed. App'x 250 (6th Cir. 2015)

*Northland Ins. Co. v. Stewart Title Guaranty Co.*, 327 F.3d 448 (6th Cir. 2003)

*Quality Products & Concepts Co v. Nagel Precision, Inc.*, 469 Mich. 362; 666 N.W.2d 251 (2003)

*Rory v. Continental Ins Co.*, 473 Mich. 457; 703 N.W.2d 23 (2005)

*Wilkie v. Auto–Owners Ins Co.*, 469 Mich. 41; 664 N.W.2d 776 (2003)

**Rules:**

Fed. R. Civ. P. 26(d)(1)

# INDEX OF AUTHORITIES

**Cases:**

*Atlas Technologies, LLC v. Levine*,
    268 F.Supp.3d 950 (E.D. Mich. 2017) ....................................................... 3, 4

*Castelvetere v. Messer,*
    611 Fed. App'x 250 (6th Cir. 2015) ............................................................. 4

*North Atlantic Operating Co., Inc. v. Huang*,
    194 F.Supp.3d 634 (E.D. Mich. 2016) ......................................................... 3

*Northland Ins. Co. v. Stewart Title Guaranty Co.*,
    327 F.3d 448 (6th Cir. 2003) ....................................................................... 4

*Quality Products & Concepts Co v. Nagel Precision, Inc.*,
    469 Mich. 362; 666 N.W.2d 251 (2003) ..................................................... 4

*Rory v. Continental Ins Co.*,
    473 Mich. 457; 703 N.W.2d 23 (2005) ....................................................... 4

*UAW–GM Human Res Ctr. v. KSL Recreation Corp.*,
    228 Mich. App. 486; 579 N.W.2d 411 (1998) ............................................ 5

*Wilkie v. Auto–Owners Ins Co.*,
    469 Mich. 41; 664 N.W.2d 776 (2003) ....................................................... 4

**Court Rules:**

Fed. R. Civ. P. 26 ................................................................................................. 2

## I.     INTRODUCTION

Without warning, and despite a continuous supply relationship of nearly 12 years, Martinrea sent DDC a stop shipment notification on February 10, 2025, threatening to stop all shipments of the transmission housings supplied by Martinrea to DDC in only a few weeks' time. In support of this stop shipment, Martinrea erroneously claimed that the parties' Long Term Agreement ("LTA") was no longer enforceable. Accordingly, the only contract that is at issue in this dispute, and that will control DDC's pending Motion for Preliminary Injunction to prevent Martinrea's unjustified stop shipment, is the contract between DDC and Martinrea – the LTA. As explained herein, the LTA is an unambiguous, fully integrated contract. Therefore, under governing Michigan law, interpretation of the LTA is a question of law for the Court to decide and this Court's analysis in construing the LTA must be limited to the four corners of that document. Martinrea's argument that DDC's contract with another supplier – which, DDC notes, is Martinrea's competitor[1] – is somehow relevant to DDC's subjective interpretation of the LTA is wholly without merit and non-sensical. What DDC may have negotiated with another supplier, separate and apart from Martinrea, is irrelevant to the emergent injunction issues currently before this

---

[1] Indeed, the secondary supplier's contract contains highly confidential and proprietary pricing and other information.

1

Court. Accordingly, DDC respectfully requests that the Court deny Martinrea's instant Motion.

## II.     ARGUMENT

**A. Applicable Legal Standard.**

Under Federal Rule of Civil Procedure 26(d)(1), "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Importantly, under Rule 26(b)(1), the scope of discovery is limited to those matters relevant to the parties' claims and defenses. It is axiomatic that discovery may not be used by a party to obtain documents and information not relevant to the issues in the case.

**B. The Court Should Deny Martinrea's Request for Expedited Discovery Because the Requested Document Has No Relevance to the Issues Presently Before the Court and Martinrea Therefore Cannot Establish Good Cause to Support Its Request.**

*1. The Requested Document Is Not Relevant to DDC's Likelihood of Success on the Merits*

Martinrea's primary argument in support of its request for expedited discovery of DDC's contract with its secondary supplier is that "[w]hether the contract between DDC and its other supplier is the same – or if it differs, how – and how DDC has interpreted it" is relevant to the Court's interpretation of the parties' LTA. ECF No. 18, PgID.948. According to Martinrea, "[b]ecause DDC's contract with its other

2

supplier covers the same parts, it is likely that DDC's contract with that supplier is similar to that with Martinrea Honsel Mexico. How similar it is, how it differs, and how DDC interprets it may prove relevant to the interpretation of the DDC–Martinrea Honsel Mexico contract." ECF No. 18, PgID.951. Put simply, this argument does not hold water.

First, and as a threshold matter, Martinrea points to no legal authority and makes no legal argument with respect to how the terms of DDC's contract with its secondary supplier, or DDC's subjective interpretation thereof, could possibly inform this Court's interpretation of the LTA actually at issue in this case.[2] Instead, Martinrea relies merely on the conclusory statements set forth above, without any development or other support. Inasmuch as Martinrea has not provided the Court with legal support or argument for its assertion that DDC's contract with its secondary supplier is relevant to the interpretation of the LTA, this point must be deemed as abandoned by Martinrea. *Atlas Technologies, LLC v. Levine*, 268

---

[2] Indeed, of the cases cited by Martinrea in the section of its brief addressing the applicable legal standard the Court must apply in determining a motion for expedited discovery (see ECF No. 18, PgID.950), none addressed a request for a contract with a non-party to the action. Further, in only one of the five cases cited by Martinrea did the court find good cause to permit expedited discovery: *North Atlantic Operating Co., Inc. v. Huang*, 194 F.Supp.3d 634 (E.D. Mich. 2016). In Huang, the requested discovery was directed at learning the identities of defendants unknown to the plaintiff, and allegedly guilty of trademark infringement. The factual circumstances determined by the *Huang* court to constitute "good cause" are a far cry from those present here.

3

F.Supp.3d 950, 962 (E.D. Mich. 2017) (noting that it is a "settled rule" that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (quoting *Northland Ins. Co. v. Stewart Title Guaranty Co.*, 327 F.3d 448, 452 (6th Cir. 2003)). *See also Castelvetere v. Messer*, 611 Fed. App'x 250, 255-256 (6th Cir. 2015) (failure to cite authority in support of proposition constitutes an abandonment of the issue).

Further, and even setting aside Martinrea's effective abandonment of the issue, the proper interpretation of a contract is a question of law for the Court to decide. *Wilkie v. Auto–Owners Ins Co.*, 469 Mich. 41, 47; 664 NW2d 776 (2003); *Rory v. Continental Ins Co.*, 473 Mich. 457, 464; 703 NW2d 23 (2005). Governing Michigan law[3] is clear that "an unambiguous contractual provision is reflective of the parties' intent as a matter of law," and "[i]f the language of the contract is unambiguous, we construe and enforce the contract as written." *Quality Products & Concepts Co v. Nagel Precision, Inc.*, 469 Mich. 362, 375; 666 NW2d 251 (2003). Additionally, where parties to a contract have included in their writing a merger clause providing that the contract is a fully integrated document, such a clause is conclusive evidence of the parties' intent that the contract constitutes their full and

---

[3] Michigan law governs pursuant to the express terms of the LTA. *See* ECF No. 14-4, PgID.889, § 10.1, PgID.892, § 10.

4

final agreement. *UAW–GM Human Res Ctr. v. KSL Recreation Corp.*, 228 Mich. App. 486, 507 n. 14; 579 N.W.2d 411 (1998).

Accordingly, and as a matter of Michigan law, the determination of whether the LTA constitutes an enforceable requirements contract is one of law, for the Court to decide based on the four corners of the parties' unambiguous and fully integrated writing. Importantly, neither DDC nor Martinrea argues that any term of the LTA is ambiguous. And the LTA contains the following merger clause, rendering it a fully integrated document:

> 10.3. This Contract is the final and entire agreement of the parties with respect to the subject matter and supersedes all prior or contemporaneous oral or written communications or agreements between the parties. No supplementary verbal agreements have been made. Amendments, additions, or cancellations of this Contract shall only be effective if they are agreed in writing signed by the parties which expressly states that it is an amendment to this Contract. If a provision of this Contract becomes invalid, the contracting parties shall replace it with a valid provision which comes as close as possible to the commercial intention pursued by the invalid provision. The validity of the remaining provisions shall not be affected by the invalidity of individual provisions.

[ECF No. 14-4, PgID.889]

Therefore, under governing Michigan law, this Court cannot take evidence of the parties' subjective intent or interpretation of the LTA, in connection with the Court's determination of whether the LTA constitutes an enforceable requirements contract. As such, DDC's contract with its secondary supplier has no relevance to DDC's likelihood of success on the merits in this case, and Martinrea therefore cannot establish good cause in support of its request.

5

### *2. The Requested Document Is Not Relevant to DDC's Assertion of Irreparable Harm*

Martinrea also asserts that DDC's contract with its secondary supplier "may prove relevant" to the issue of irreparable harm, because "[t]he existence of this second supplier means that DDC won't have to stop its operations if Martinrea Honsel Mexico stop deliveries, and depending on the scope of DDC's contract with its other supplier, it may have the contractual right to compel that supplier to fulfill all its needs." (ECF No. 18, PgID.951-952) This argument ignores the sworn assertions of DDC Director of Procurement and Supplier Management, Kristin Browning, that DDC's secondary source is already operating at its maximum capacity, but can only supply 35-40% of DDC's transmission housing needs, and that this rate of production cannot be sustained by DDC's secondary source for more than 3-6 months. (ECF No. 14-3, PgID.880, ¶ 12). Even if DDC's contract with its secondary supplier contained some language giving DDC a right "to compel that supplier to fulfill all its needs," the fact remains that it is impossible for this secondary supplier to do so, as established by Ms. Browning's Affidavit. Accordingly, Martinrea cannot establish the relevance of the requested document to the issue of irreparable harm. DDC further notes that to the extent Martinrea desires to examine Ms. Browning regarding the sworn statements contained in her Affidavit, Martinrea will have the opportunity to do so at the hearing on March 17, 2025.

6

### III. CONCLUSION

Martinrea has not – and cannot – establish the relevance of the expedited discovery it seeks in advance of the hearing on DDC's pending Motion for Preliminary Injunction. Accordingly, Martinrea cannot establish good cause in support of its request. For all these reasons, DDC respectfully requests that this Court deny Martinrea's Motion.

                                Respectfully submitted,
                                CLARK HILL PLC

                                By:   */s/ Jay M. Berger*
                                          Jay M. Berger (P57663)
                                          Bethany G. Stawasz (P75578)
                                          500 Woodward Avenue, Suite 3500
                                          Detroit, MI 48226
                                          (313) 965-8300
                                          Attorneys for Plaintiff
                                          jberger@clarkhill.com
Date: March 12, 2025                  bstawasz@clarkhill.com

## **CERTIFICATE OF SERVICE**

I certify that on March 12, 2025, my legal assistant electronically filed the foregoing paper with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel listed on the Court record in this case.

*/s/ Jay M. Berger*
Jay M. Berger (P57663)
CLARK HILL PLC
500 Woodward Avenue, Suite 3500
Detroit, MI  48226
(313) 965-8300
Attorneys for Plaintiff
jberger@clarkhill.com