# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DETROIT DIESEL
CORPORATION,

        Plaintiff,

Case No. 24-11557
Hon. Jonathan J.C. Grey

v.

MARTINREA HONSEL MEXICO
SA de CV,

        Defendant.

_____/

## ORDER CERTIFYING A QUESTION OF LAW TO THE MICHIGAN SUPREME COURT

**I.   INTRODUCTION**

The instant action involves a dispute between Plaintiff Detroit Diesel Corporation ("DDC") and Defendant Martinrea Honsel Mexico SA de CV ("Martinrea") regarding the terms of their agreement for the purchase and sale of transmission housings. During the litigation of the parties' contract, an important issue of Michigan state law has arisen: whether contractual language that obligates a buyer to purchase from seller and a seller to sell to buyer "1 part to 100% of [buyer's] needs"

defines a contract's quantity by a buyer's requirements, such that the parties' contract is a requirements contract.

In *Cadillac Rubber & Plastics, Inc. v. Tubular Metal Systems, LLC*, the Michigan Court of Appeals held that a contract that obligated a buyer to purchase "between one part and 100% of [buyer's] requirements" was a requirements contract. 952 N.W.2d 576, 583–584 (Mich. Ct. App. 2020). In *MSSC, Inc. v. Airboss Flexible Products Co.*, the Michigan Supreme Court declined a request to overrule "the holding in *Cadillac Rubber* that the purchase order's language providing for 'a quantity between one part and 100%' constituted a proper quantity term for a nonexclusive contract." *Airboss*, 999 N.W.2d 335, 345 n.4 (Mich. 2023). The *Airboss* court noted that an earlier Michigan Court of Appeals decision—*Acemo, Inc. v. Olympic Steel Lafayette, Inc.*, No. 256638, 2005 WL 2810716, at \*4 (Mich. Ct. App. Oct. 27, 2005)—held that "a requirements contract cannot grant 'complete discretion' to the buyer." *Id.* The *Airboss* court declined to address the "apparent inconsistency" between *Cadillac Rubber* and *Acemo* because none of the documents in *Airboss* set forth a quantity term, thus saving the question "for another day." *Id.*

The Court now asks the Michigan Supreme Court to determine whether the quantity term here establishes a requirements contract.

## II.  BACKGROUND

DDC is a 2,600-employee corporation that produces specialized engines, axles, and transmissions for Daimler Truck North America heavy-duty trucks. (ECF No. 14-3, PageID.876–877.) Martinrea (a/k/a "Supplier" or "Seller") supplies transmission housings to DDC under the parties' contract. (*Id.*) The parties' contract includes the following clause: "During the term of this Agreement, Supplier agrees to sell to DDC and DDC agrees to purchase from Supplier 1 part to 100% of DDC's needs for the parts . . . ." (ECF No. 14-4, PageID.898.) DDC's terms and conditions of purchase, which are incorporated into the parties' contract, contains similar language: "Seller agrees to sell to DDC and DDC agrees to purchase from Seller a quantity between a single good and 100% of DDC's needs for the goods." (*Id.* at PageID.898, 902.)

DDC initiated this action against Martinrea on June 13, 2024, alleging that Martinrea breached the parties' contract by falling behind on its supply obligations. (ECF No. 1.) On February 10, 2025, Martinrea

3

emailed DDC a notice, stating that it would not make any future deliveries under the parties' contract. (ECF No. 13-4, PageID.839–840.)

DDC moved to preliminarily enjoin Martinrea from stopping all future deliveries under the contract. (ECF No. 14.) In their briefs, the parties disagreed about whether *Cadillac Rubber* is still good law. (*See* ECF No. 14, PageID.862–864; ECF No. 19, PageID.985–987.) At the preliminary injunction hearing, the Court indicated to the parties that it was considering certifying to the Michigan Supreme Court the question of whether the quantity term here, which is the same term as in *Cadillac Rubber*, is sufficient to establish a requirements contract. Neither party substantively disagreed with the proposal to certify. Instead, the parties debated what the Court should do if it decided to certify a question to the Michigan Supreme Court. DDC argued that the Court should grant the preliminary injunction, whereas Martinrea argued that the Court should deny the injunction. The Court has ordered a preliminary injunction (ECF No. 28) and now **CERTIFIES** a question of law to the Michigan Supreme Court.[1]

---

[1] The Court incorporates by reference its order granting DDC's motion for a preliminary injunction (ECF No. 28), especially Section II ("Background") and Section IV.A ("Analysis: Likelihood of Success on the Merits). (*Id.* at PageID.1353–1355 and PageID.1356–1365, respectively.)

4

## III. LEGAL STANDARD

Two court rules govern the process of certification: Local Rule 83.40 and Michigan Court Rule 7.308(A)(2). Local Rule 83.40 states that:

> Upon motion or after a hearing ordered by the Judge *sua sponte*, the Judge may certify an issue for decision to the highest Court of the State whose law governs its disposition. An order of certification shall be accompanied by written findings that:
> (1) the issue certified is an unsettled issue of State law, and
> (2) the issue certified will likely control the outcome of the federal suit, and
> (3) certification of the issue will not cause undue delay or prejudice.

E.D. Mich. LR 83.40(a).

Michigan Court Rule 7.308(A)(2) states that "[w]hen a federal court . . . considers a question that Michigan law may resolve and that is not controlled by Michigan Supreme Court precedent, the court may on its own initiative . . . certify the question to the [Michigan Supreme] Court." Under state court rules, the Michigan Supreme Court can render a decision on the certified question in the ordinary form of an opinion. Mich. Ct. R. 7.308(A)(5). A certification order must contain: (1) the case title; (2) a factual statement; and (3) the question to be answered. Mich. Ct. R. 7.308(A)(2)(b).

## IV. ANALYSIS

Here, certification is appropriate. First, the issue that the Court certifies is an unsettled issue of state law that is not controlled by Michigan Supreme Court precedent, for the reasons stated above and as alluded to in *Airboss*. Stated succinctly, two Michigan Court of Appeals panels seem to have reached different conclusions about whether language substantially similar to the language at issue in this case establishes a requirements contract, and the Michigan Supreme Court has not ruled on the issue. *Airboss*, 999 N.W.2d at 345 n.4

Second, the issue that the Court certifies will control a substantial part of this case's outcome. Count I of the amended complaint is based on Martinrea's alleged contractual breach, and the count is unrelated to Martinrea's stop shipment notice. (*See* ECF No. 13, PageID.705–710.) However, Counts II and III of the amended complaint are for injunctive relief, and both counts are based on Martinrea's stop shipment notice. (*See id.* at PageID.710–712.) DDC's success on Counts II and III depends on whether it has a requirements contract with Martinrea. Therefore, the Michigan Supreme Court's decision on the certified issue likely will control the outcome of a large portion of the complaint.

Third, certification of the issue will not cause undue delay or prejudice. Granted, there is delay inherent in awaiting a decision from the Michigan Supreme Court. However, that delay is not undue, considering that this case involves an important issue of Michigan law, and the Michigan Supreme Court is the final arbiter of disputes involving Michigan law. *See Planned Parenthood of Cincinnati Region v. Strickland*, 531 F.3d 406, 410 (6th Cir. 2008) (citation omitted) ("Submitting uncertain questions of state law to the state's highest court by way of certification acknowledges that court's status as the final arbiter on matters of state law . . . ."). In fact, without a ruling by the Michigan Supreme Court, this Court's ultimate conclusion regarding whether the language at issue in this case establishes a requirements contract almost surely will be appealed to the Sixth Circuit by the losing party, thereby extending the litigation.

Martinrea cites *FCA US, LLC v. MacLean-Fogg Component Solutions LLC*, No. 24-11165, ECF No. 17 (E.D. Mich. Mar. 20, 2025) for the proposition that certifying the issue in this case would unduly delay the case and prejudice the parties. (ECF No. 27, PageID.1341.) *MacLean-Fogg* is distinguishable. First, the defendants in *MacLean-Fogg*

7

suggested that the court certify the issue to the Michigan Supreme Court, but the court found the defendants' removal from state court to federal court incompatible with any reasonable basis for their certification request. *MacLean-Fogg*, at ECF No. 17, PageID.763 n.2. Here, DDC filed this case in federal court, and the Court need only address an unsettled issue of state law because of Martinrea's stop-shipment notice. Second, the *MacLean-Fogg* court found that certifying the question would unduly prejudice the plaintiff because the plaintiff would have to continue paying millions of dollars—that it disputed owing—while awaiting resolution from the Michigan Supreme Court. *Id.* at ECF No. 17, PageID.762, 763 n.2. Here, certifying a question to the Michigan Supreme Court would stay the case (*see* E.D. Mich. LR 83.40(b)), but Martinrea would not have an obligation beyond what the parties bargained-for contract provides. Specifically, DDC will continue to compensate Martinrea for parts that it supplies under the parties' contract. (ECF No. 14-3, PageID.883–884.) Martinrea does not explain how it would suffer prejudice if the Court certifies a question to the Michigan Supreme Court. Therefore, the Court finds that certification is

8

appropriate pursuant to Local Rule 83.40 and Michigan Court Rule 7.308.

## V. CONCLUSION

Certifying an unsettled issue of Michigan law to the Michigan Supreme Court for an authoritative answer will "save time, energy, and resources," "help build a cooperative judicial federalism," and avoid "the potential for 'friction-generating error.'" *Planned Parenthood of Cincinnati Region*, 531 F.3d at 410 (quoting *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 77, 79 (1997)), *certified question answered sub nom. Cordray v. Planned Parenthood Cincinnati Region*, 911 N.E.2d 871 (Ohio 2009). Accordingly, the Court **CERTIFIES** a question to the Michigan Supreme Court.

The Court provides the following information in accordance with Michigan Court Rule 7.308(A)(2)(b):

1. **The Title of the Case**: Please refer to the caption on page one of this order.

2. **The Factual Statement**: Please refer to the Background section on pages three and four of this order.

9

3. **The Question To Be Answered**: Whether contractual language that obligates a buyer to purchase from seller and a seller to sell to buyer "1 part to 100% of [buyer's] needs" establishes a requirements contract consistent with *MSSC, Inc. v. Airboss Flexible Products Co.*, 999 N.W.2d 335 (Mich. 2023)?

Further, pursuant to Local Rule 83.40(c), the Court **ORDERS** the parties to submit to this Court by Friday, March 28, 2025 a joint statement of facts for subsequent transmission to the Michigan Supreme Court by the parties as an appendix to the briefs filed therein.

**SO ORDERED**.

Date: March 25, 2025

**s/Jonathan J.C. Grey**
Hon. Jonathan J.C. Grey
United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 25, 2025.

**s/ S. Osorio**
Sandra Osorio
Case Manager
